1817.

JOHNSON
v.
GERE.

[ * 546 ]

---

Johnson and others *against* Gere.

Where the vendee gave a bond and mortgage, to secure the purchase money, and an action of ejectment was afterwards brought against him, by a person claiming a paramount title, and the vendor brought a suit on the bond, and advertised the premises for sale, under a power contained in the mortgage, the proceedings on the bond and mortgage were ordered to be stayed, until the action of ejectment against the vendee was determined, and the further order of the Court.

THE bill stated, that the defendant and *John M. Pierson* were seised in fee, as tenants in common, of four acres of land, in the village of *Ithica*. That *Pierson* died; and, by will, devised his property to his wife *Amelia*, and made her and two others his executors. That she and the defendant made partition of the land, and the east part, or two and a half acres, was released by her to the defendant, and the residue released by him to her. That the defendant, *afterwards, made valuable improvements on his part, and sold them by deed, with full covenants, to *Elnathan Andrews*, for 8,000 dollars, of which 4,000 dollars were paid, and the residue, payable by instalments, was secured by bond and mortgage, of which 2,500 dollars thereof was still due. That the widow has since died; and *E. Andrews* had also died without issue,

[ * 547 ]

423

and the plaintiffs *Johnson* and *Andrews* were his adminis-trators.  That *Bela Andrews,* father and heir of *Elnathan Andrews,* had sold the two and a half acres to the plaintiffs *Champlin* and *Frisbie.*  That the guardian of the infant children of *John M. Pierson* asserts, that the widow had only a life estate by the will, and that the partition is void and not binding on them ; and had commenced an action of ejectment at law, on the demise of the two infants, against the tenant of the plaintiffs *C.* and *F.,* for the recovery of an undivided moiety of the two and a half acres.  That the defendant has prosecuted at law on the bond, for the residue of the moneys due thereon, and is also advertising the mortgaged premises for sale, by virtue of a power in the mortgage.  The bill prayed for an injunction to stay the prosecution on the bond and mortgage, until answer and the further order of the Court.

*E. Miller,* for the plaintiffs.

THE CHANCELLOR granted the injunction, and distinguished this case from those wherein there was only an allegation of an outstanding title, and no disturbance, prosecution, or evic-tion thereon.  Here, he said, the party was actually prose-cuted by an action of ejectment, on the ground that the title derived from the defendant was defective.  The defendant is entitled, and it will be his duty to defend the ejectment suit; and until that suit is disposed *of, he ought not to recover the remaining moneys due on the bond.